IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARDO R. CHAVEZ, #A6068476,<br><br>   Plaintiff,<br><br> vs.<br><br>PAUL B.K. WONG, THALIA MURPHY, JOHN SCHUM, and MEGAN K. KAU,<br><br>   Defendants. | CIV. NO. 17-00550 DKW-KJM<br><br>DISMISSAL ORDER |

Before the court is Plaintiff Leonardo R. Chavez's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Chavez alleges that the Honorable Paul B.K. Wong, Judge of the First Circuit Court, State of Hawaii ("circuit court"), Deputy Prosecuting Attorney ("DPA") Thalia Murphy, and Chavez's criminal defense attorneys John Schum, Esq., and Megan K. Kau, Esq., (collectively, "Defendants"), violated his constitutional rights during pending criminal proceedings in the state circuit court.[1] Chavez seeks dismissal of his criminal proceedings with prejudice, or in the alternative, "remand" of these

---

[1] Chavez is awaiting trial for Murder in the Second Degree and Carrying or Use of a Firearm in the Commission of a Separate Felony. *See State v. Chavez*, 1PC141000360 (Haw. 1st Cir. Ct. 2014), https://jimspss1.courts.state.hi.us/JEFS. He is proceeding in forma pauperis.

criminal proceedings to the District of Hawaii for jury trial and consolidation with his pending civil action, *Chavez v. United States*, No. 1:16-cv-00685 HG-KJM (D. Haw. 2016).[2]

Chavez's Complaint is DISMISSED without prejudice pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Because amendment is futile, this dismissal is without leave to amend.

## I. CHAVEZ'S CLAIMS

Chavez sets forth four causes of action. In Count I, Chavez alleges that Judge Wong violated the First and Sixth Amendments and the Hawaii constitution by denying his motion to subpoena his "military Chain of Command" at a pretrial hearing held in the circuit court on July 21, 2017. Chavez alleges Schum and Kau violated his rights by refusing to pursue this motion. *See* Compl., ECF No. 1, PageID # (Count I).

In Count II, Chavez alleges Judge Wong violated his rights under the Fourteenth and Fifteenth Amendments and the Hawaii constitution by making a "misleading and false statement during pretrial hearings . . . and denying [him] equal protection of the LAW." *Id.*, PageID #9. Chavez alleges that Judge Wong,

---

[2]Chavez directs his request for relief to the State of Hawaii, rather than to this Court. The Court liberally construes this as seeking relief from the federal court, however, even if such relief is unavailable.

DPA Murphy, Schum, and Kau violated his rights by their intent to allow Chavez's expert witness, Dr. Marvin Acklin, to testify at trial on Chavez's behalf, despite their knowledge that DPA Murphy is or was involved in the prosecution of Dr. Acklin's son.[3]

In Count III, Chavez alleges "the State of Hawaii" violated Art. III, § 2, of the United States Constitution and the Hawaii constitution when Judge Wong allegedly told him that granting Chavez's request to terminate counsel might result in Chavez being forced to proceed without counsel and a delay in the trial.[4] *Id.*, PageID #11. Chavez alleges Judge Wong has a personal bias or prejudice against him.

In Count IV, Chavez alleges Judge Wong violated Art. VI of the United States Constitution by "deliberately mishandling [his] case, allowing false statements to be presented before the court on the record, and violating [his] civil rights" under the United States and Hawaii Constitutions. *Id.*, PageID #13.

---

[3]Trial in *State v. Chavez*, 1PC141000360, is scheduled for the week of March 5, 2018. *See id.*, https://jimspss1.courts.state.hi.us/JEFS.

[4]Wong granted Chavez's motion to dismiss Kau, his third appointed attorney, and appointed Salina K. Althof, Esq., to represent Chavez. Chavez then agreed to a six-month extension of the trial date. *See* 1PC141000360, https://jimspss1.courts.state.hi.us/JEFS, dkt. notes 08/02/2017 and 9/11/2017.

## II. STATUTORY SCREENING

The court must conduct a pre-answer, sua sponte screening of prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Claims that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune from suit must be dismissed. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (discussing dismissal under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing dismissal under § 1915A(a)). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can

correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see also, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (stating *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). Abstention under *Younger* is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Sprint Commc'ns v. Jacobs*, 134 S. Ct. 584, 591 (2013); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund.*, 754 F.3d 754, 759 (9th Cir. 2014).

5

If these threshold elements are met, the court must determine whether the federal action would have the practical effect of enjoining the state proceedings, in which case abstention is appropriate (unless a recognized exception to the abstention doctrine applies). *See id.* If a claim for declaratory or injunctive relief is raised, the federal court should abstain and dismiss without prejudice. *ReadyLink Healthcare, Inc.*, 754 F.3d at 759. "The doctrine of abstention involves a decision by a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). A dismissal on jurisdictional grounds curtails an examination of the merits. *Id.* (citing *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011)).

Chavez is subject to ongoing state criminal proceedings in which he is represented by counsel. These proceedings clearly implicate important state interests: the protection of the public and enforcing Hawaii's criminal statutes. Chavez's attorney may raise any constitutional issues relating to Defendants' alleged improper or illegal conduct in the state court. Most importantly, Chavez asks this Court to terminate the ongoing state criminal proceedings with prejudice as a result of the claimed injustices that he has suffered. Because each of the *Younger* factors is present, abstention is the appropriate result.

## IV. CONCLUSION

This action is DISMISSED without prejudice pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The Clerk of Court is DIRECTED to close the file and terminate this action.

IT IS SO ORDERED.

DATED: November 15, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

___

*Leonardo R. Chavez v. Paul B. K. Wong*; Civil No. 17-00550 DKW-KJM; DISMISSAL ORDER

*Chavez v. Wong*, No. 1:17-cv-00550 DKW-KJM; DISMISSAL ORDER; psa scrng '17 Chavez 17-550 dkw (Younger abstention).